■ In the Matter of CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., et al., Appellants, v CITY OF NEW YORK et al., Respondents.—In consolidated proceedings to review certain real property assessments for the tax years 1972/73 and 1973/74, petitioners appeal from an order of the Supreme Court, Kings County, dated June 27, 1975, which granted respondents' motion to dismiss the petitions and denied their cross motion for summary judgment. Order affirmed, with $50 costs and disbursements. At issue is whether certain property used by a utility to generate electricity is subject to assessment by the City of New York as real property. Appellant Consolidated Edison Company of New York, Inc. (Con Ed) has four barge-mounted power plants which generate electricity moored at its pier adjacent to its Gowanus Station substation in Brooklyn, New York. Each of these barges houses eight gas turbine generators, which produce a total of about 622,000 kilowatts, which is transmitted by feeder cables to the pier and then to the substation. Each barge is approximately 215 feet long, 79 feet wide and 12 feet deep, with a superstructure rising at least 56 feet above the water line. In addition, Con Ed uses four barges solely to supply fuel oil to the power barges. Each is 250 feet long, 44 feet wide and 14½ feet deep, and is tied up at the pier. The fuel stored therein is supplied by other barges. The respondent city's position is that the complex of barges, with their accessory equipment mounted thereon, is real property as defined in subdivi-

sion 12 of section 102 of the Real Property Tax Law which, defines "Real property", "property" and "land". Included in the definition are: "(e) Mains, pipes and tanks permitted or authorized to be made, laid or placed in, upon, above or under any * * * place for conducting * * * electricity"; and "(f) * * * power generating apparatus * * * for the distribution of heat, light, .[and] power". Con Ed concedes that it is proper for the Legislature to determine that any property, including *all* power generating apparatus, is real property for tax purposes (see *Matter of Crystal v City of Syracuse, Dept. of Assessment,* 47 AD2d 29, 31, affd 38 NY2d 883), but asserts that, notwithstanding the explicit language of section 102 (subd 12, pars [e], [f]) of the Real Property Tax Law, the facilities for generating electricity on barges which are capable of being detached from their moorings at the piers are personal property, and not within the intendment of that statute. In short, it is appellants' position that such equipment was intended to be treated as real property for tax purposes, only if it actually became part of the realty, and that a minimal requirement is that it be attached to land or a building thereon. For the reasons stated in the well-reasoned and exhaustive opinion of Mr. Justice Ventiera at Special Term, we conclude that appellants' contentions are without merit. Appellants have failed to demonstrate that the Legislature intended to favor utilities which, for their own convenience, generate power on barges rather than on land. Hawkins, Mollen and O'Connor, JJ., concur; Cohalan, J. P., concurs as to the dismissal of the petitions insofar as they concern the fuel barges and as to the denial of appellants' motion for summary judgment with respect thereto, but otherwise dissents and votes to grant appellants' motion for summary judgment with respect to the barges on which the power plants are mounted, and to direct a *pro tanto* reduction of the assessments, with the following memorandum: In my opinion, the power generating apparatus qualifies as personal property under the exemption contained in paragraph (f) of subdivision 12 of section 102 of the Real Property Tax Law, which provides: "but shall not include movable machinery * * * owned by a corporation taxable under article nine-a of the tax law, used for trade or manufacture and not essential to the support of the building, structure or superstructure, and removable without material injury thereto".